**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| AETNA INC. AND AETNA LIFE INSURANCE COMPANY,<br><br>         Plaintiffs<br><br>v.<br><br>THE PEOPLE'S CHOICE HOSPITAL, LLC, ET AL.<br><br>         Defendants. | Case No. 5:18-CV-00323 OLG |

**DEFENDANTS THE PEOPLE'S CHOICE HOSPITAL, LLC,**
**PCH MANAGEMENT NEWMAN, LLC, PCH LAB SERVICES, LLC, DAVID**
**WANGER, AND SETH GUTERMAN, M.D.'S ANSWER**

Defendants The People's Choice Hospital, LLC, PCH Management Newman, LLC, PCH Lab Services, LLC, David Wanger, and Seth Guterman, M.D. (the "PCH Defendants") hereby answer Aetna Inc. and Aetna Life Insurance Company ("Aetna")'s Amended Complaint as follows:

## NATURE OF THE ACTION

1.  In response to **Paragraph 1** of Aetna's Amended Complaint, the PCH Defendants deny they were a part of, or participated in, any fraudulent scheme as alleged and deny any and all remaining allegations in Paragraph 1 that pertain to the PCH Defendants.

2.  In response to **Paragraph 2** of Aetna's Amended Complaint, the PCH Defendants admit that in 2016, PCH Management Newman, LLC entered a hospital management contract with Newman Memorial Hospital, Inc. ("Newman"), a rural hospital in Oklahoma, and that PCH Lab Services, LLC, began to manage Newman's laboratory. PCH Defendants also admit that Newman had a contract with Aetna and was a part of Aetna's network. Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 2.

3.      In response to **Paragraph 3** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 3.

4.      In response to **Paragraph 4** of Aetna's Amended Complaint, the PCH Defendants admit that Aetna has a network contract with Newman that speaks for itself.  The remaining allegations contain legal conclusions to which no response is necessary.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 4.

5.      In response to **Paragraph 5** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 5.

6.      In response to **Paragraph 6** of Aetna's Amended Complaint, the PCH Defendants deny any and all allegations contained therein.

7.      In response to **Paragraph 7** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 7 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

8.      In response to **Paragraph 8** of Aetna's Amended Complaint, the PCH Defendants admit that the relevant contracts have been produced and speak for themselves.  The PCH

Defendants answer that the remaining allegations in Paragraph 8 contain legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny any and all allegations contained in Paragraph 8.

## THE PARTIES

### Plaintiffs

9.      In response to **Paragraph 9** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 9 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

10.      In response to **Paragraph 10** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 10 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

### The PCH Defendants

11.      In response to **Paragraph 11** of Aetna's Amended Complaint, the PCH Defendants admit that the People's Choice Hospital, LLC is a Delaware limited liability company, Seth Guterman, M.D. is the sole member and manager of the People's Choice Hospital LLC, and People's Choice Hospital, LLC has appeared.

12.      In response to **Paragraph 12** of Aetna's Amended Complaint, the PCH Defendants admit that PCH Management Newman, LLC is an Oklahoma limited liability company and has appeared.

13.      In response to **Paragraph 13** of Aetna's Amended Complaint, the PCH Defendants admit that PCH Lab Services, LLC is an Illinois limited liability company, and has appeared.

14.     In response to **Paragraph 14** of Aetna's Amended Complaint, the PCH Defendants admit that Aetna refers to People's Choice, PCH Management, and PCH Services collectively as "PCH."

<u>**The Lab Defendants**</u>

15.     In response to **Paragraph 15** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 15 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

16.     In response to **Paragraph 16** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 16 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

17.     In response to **Paragraph 17** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 17 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

18.     In response to **Paragraph 18** of Aetna's Amended Complaint, the PCH Defendants admit that Aetna refers to Mission I, Mission II, and Mission Management collectively as the "Mission Defendants."

19.     In response to **Paragraph 19** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 19 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

20.      In response to **Paragraph 20** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 20 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

21.      In response to **Paragraph 21** of Aetna's Amended Complaint, the PCH Defendants admit that Aetna refers to Sun Lab and Sun Management collectively as the "Sun Defendants."

22.      In response to **Paragraph 22** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 22 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

23.      In response to **Paragraph 23** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 23 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

24.      In response to **Paragraph 24** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 24 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

25.      In response to **Paragraph 25** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 25 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

26.     In response to **Paragraph 26** of Aetna's Amended Complaint, the PCH Defendants admit that Aetna refers to LMK, Alternate Labs, and Alternate Health collectively as "Alternate."

27.     In response to **Paragraph 27** of Aetna's Amended Complaint, the PCH Defendants admit that Aetna refers to the Mission Defendants, the Sun Defendants, Integrity, and Alternate collectively as "Lab Defendants."

### The Fortis Defendants

28.     In response to **Paragraph 28** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 28 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

29.     In response to **Paragraph 29** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 29 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

30.     In response to **Paragraph 30** of Aetna's Amended Complaint, the PCH Defendants admit that Aetna refers to Fortis Diagnostics and Escalon collectively as "Fortis."

### The Individual Defendants

31.     In response to **Paragraph 31** of Aetna's Amended Complaint, the PCH Defendants represent that Seth Guterman, M.D. ("Dr. Guterman") is an individual who has appeared.  The PCH Defendants admit that Dr. Guterman worked on behalf of PCH and Newman to save Newman from bankruptcy and worked with the Lab Defendants in connection with the Newman Reference Laboratory Program.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 31.

32.     In response to **Paragraph 32** of Aetna's Amended Complaint, the PCH Defendants admit that David Wanger ("Wanger") is an individual domiciled in Arizona, and that he served as interim CEO of Newman Memorial Hospital.  PCH Defendants also admit that Wanger has appeared.  The PCH Defendants deny any and all remaining allegations in Paragraph 32.

33.     In response to **Paragraph 33** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 33 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

34.     In response to **Paragraph 34** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 34 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

35.     In response to **Paragraph 35** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 35 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

36.     In response to **Paragraph 36** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 36 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

37.     In response to **Paragraph 37** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 37 pertain to entities other than the

PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

38.      In response to **Paragraph 38** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 38 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

39.      In response to **Paragraph 39** of Aetna's Amended Complaint, the PCH Defendants admit that Aetna refers to Guterman, Wanger, Murphy, Lynn Murphy, Samantha Murphy, Pricer, Palmer, and Saucedo collectively as "Individual Defendants."  For the purposes of this Answer, the PCH Defendants will refer to Seth Guterman, M.D., and David Wanger as the "Individual PCH Defendants."

### The Doe Defendants

40.      In response to **Paragraph 40** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 40 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

### JURISDICTION AND VENUE

41.      In response to **Paragraph 41** of Aetna's Amended Complaint, the PCH Defendants admit that this Court has jurisdiction over this action as to the PCH Defendants.

42.      In response to **Paragraph 42** of Aetna's Amended Complaint, the PCH Defendants admit that this Court has jurisdiction over this action as to the state law claims asserted against the PCH Defendants.

43.      In response to **Paragraph 43** of Aetna's Amended Complaint, the PCH Defendants admit that venue in this District is proper as to the PCH Defendants.

44.     In response to **Paragraph 44** of Aetna's Amended Complaint, the PCH Defendants admit that this Court has personal jurisdiction as to the PCH Defendants.

45.     In response to **Paragraph 45** of Aetna's Amended Complaint, the PCH Defendants admit that this Court has personal jurisdiction as to the PCH Defendants.

46.     In response to **Paragraph 46** of Aetna's Amended Complaint, the PCH admit that this Court has personal jurisdiction as to the PCH Defendants.

## FACTUAL ALLEGATIONS

47.     In response to **Paragraph 47** of Aetna's Amended Complaint, the PCH Defendants admit that bills were submitted to Aetna as a part of the Newman Reference Laboratory Program whereby Newman's employees and contractors performed prescribed medically necessary laboratory testing services for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations contained in Paragraph 47.

48.     In response to **Paragraph 48** of Aetna's Amended Complaint, the PCH Defendants admit that in contracts signed on May 19, 2016 PCH Management Newman, LLC, began to manage and operate Newman's Shattuck hospital facility, and PCH Lab Services, LLC, began to operate and manage Newman's Shattuck laboratory.  These contracts speak for themselves.  The PCH Defendants admit that they helped save Newman from bankruptcy or closure when a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 48.

49.     In response to **Paragraph 49** of Aetna's Amended Complaint, the PCH Defendants admit a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were

performed for Aetna-insured patients.  The PCH Defendants assert that the contracts between Newman and the Lab Defendants have been produced and speak for themselves.  The PCH Defendants deny any and all remaining allegations in Paragraph 49.

50.     In response to **Paragraph 50** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 50 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

51.     In response to **Paragraph 51** of Aetna's Amended Complaint, the PCH Defendants admit that Newman provided laboratory testing services and, in some cases after Newman accessioned the specimens, the Lab Defendants provided laboratory testing services. Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 51.

52.     In response to **Paragraph 52** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 52.

53.     In response to **Paragraph 53** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 53 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

54.     In response to **Paragraph 54** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 54 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients but otherwise deny the allegations.

55.     In response to **Paragraph 55** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 55 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients but otherwise deny the allegations.

56.     In response to **Paragraph 56** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 56 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them. To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman

submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients but otherwise deny the allegations.

57.     In response to **Paragraph 57** of Aetna's Amended Complaint, the PCH Defendants admit that on September 27, 2016, in a letter signed by interim CEO David Wanger, Newman truthfully explained details of the Reference Laboratory Program to Aetna.  The PCH Defendants also admit that Dr. Guterman emailed Aetna on April 4, 2017, again accurately discussing the Reference Laboratory Program.  Each communication speaks for itself and is true in all material respects.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 57.

58.     In response to **Paragraph 58** of Aetna's Amended Complaint, the PCH Defendants admit that Dr. Guterman's April 4, 2017 email to Aetna sent pictures that truthfully depicted the lab equipment installed on Newman property.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 58.

59.     In response to **Paragraph 59** of Aetna's Amended Complaint, the PCH Defendants deny the allegations contained therein.

60.     In response to **Paragraph 60** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 60 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

61.     In response to **Paragraph 61** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 61 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to

form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

62.     In response to **Paragraph 62** of Aetna's Amended Complaint, the PCH Defendants admit that individuals who are covered by health plans and administered by Aetna are referred to as "members" by Aetna.  The PCH Defendants state that the remaining allegations set forth in Paragraph 62 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

63.     In response to **Paragraph 63** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 63 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

64.     In response to **Paragraph 64** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 64 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

65.     In response to **Paragraph 65** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 65 pertain to entities other than the

PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

66.     In response to **Paragraph 66** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 66 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

67.     In response to **Paragraph 67** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 67 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

68.     In response to **Paragraph 68** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 68 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

69.     In response to **Paragraph 69** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 69 pertain to entities other than the

PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

70.      In response to **Paragraph 70** of Aetna's Amended Complaint, the PCH Defendants admit that in 2000, Aetna signed a contract with Newman.

71.      In response to **Paragraph 71** of Aetna's Amended Complaint, the PCH Defendants admit that the relevant contract has been produced and speaks for itself.  The PCH Defendants admit that consistent with this contract, Aetna paid certain claims that were part of the Newman Reference Laboratory Program.  The PCH Defendants deny any and all remaining allegations in Paragraph 71.

72.      In response to **Paragraph 72** of Aetna's Amended Complaint, the PCH Defendants admit that the relevant contract has been produced and speaks for itself.  The PCH Defendants admit that Aetna paid certain claims that were part of the Newman Reference Laboratory Program.  The PCH Defendants deny any and all remaining allegations in Paragraph 72.

73.      In response to **Paragraph 73** of Aetna's Amended Complaint, the PCH Defendants admit that the relevant contract has been produced and speaks for itself.  The PCH Defendants admit that Aetna paid certain claims that were part of the Newman Reference Laboratory Program.  The PCH Defendants deny any and all remaining allegations in Paragraph 73.

74.      In response to **Paragraph 74** of Aetna's Amended Complaint, the PCH Defendants admit that Newman is located in Shattuck, Oklahoma.  The PCH Defendants state that the remaining allegations set forth in Paragraph 74 pertain to an entity other than the PCH

Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

75.     In response to **Paragraph 75** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  As part of that program Newman accessioned specimens and performed certain laboratory testing.  In some instances, Newman accessioned a specimen and referred the specimen to Sun or Mission Labs for testing.  The PCH Defendants also admit that Aetna paid Newman for certain laboratory tests in 2016-2017.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 75.

76.     In response to **Paragraph 76** of Aetna's Amended Complaint, the PCH Defendants admit that Newman was struggling financially in 2016, and that through their management, they helped save Newman from bankruptcy and closure when a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 76.

77.     In response to **Paragraph 77** of Aetna's Amended Complaint, the PCH Defendants admit that on May 19, 2016, Newman entered into a management contract with PCH Management Newman, LLC, for PCH Management to manage and operate Newman's Shattuck hospital facility.  Through another contract, PCH Lab Services, LLC, began to operate and

manage Newman's Shattuck laboratory.  These contracts speak for themselves.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 77.

78.     In response to **Paragraph 78** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients, but deny any and all remaining allegations in Paragraph 78.

79.     In response to **Paragraph 79** of Aetna's Amended Complaint, the PCH Defendants admit that the contracts between Newman and the Lab Defendants have been produced and speak for themselves.  The PCH Defendants lack information or knowledge sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 79 and therefore deny those allegations.

80.     In response to **Paragraph 80** of Aetna's Amended Complaint, the PCH Defendants admit that the contracts between Newman and the Lab Defendants have been produced and speak for themselves.  The PCH Defendants deny any and all remaining allegations in Paragraph 80.

81.     In response to **Paragraph 81** of Aetna's Amended Complaint, the PCH Defendants admit that the contract between Integrity and Newman has been produced and speaks for itself.  The PCH Defendants deny any and all remaining allegations in Paragraph 81.

82.     In response to **Paragraph 82** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 82 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

83.     In response to **Paragraph 83** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 83 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

84.     In response to **Paragraph 84** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 84 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

85.     In response to **Paragraph 85** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 85 pertain to an entity other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

86.     In response to **Paragraph 86** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 86 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

87.      In response to **Paragraph 87** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 87 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

88.      In response to **Paragraph 88** of Aetna's Amended Complaint,  the PCH Defendants state that the allegations set forth in Paragraph 88 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

89.      In response to **Paragraph 89** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 89 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

90.      In response to **Paragraph 90** of Aetna's Amended Complaint,  the PCH Defendants state that the allegations set forth in Paragraph 90 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

91.     In response to **Paragraph 91** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 91 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

92.     In response to **Paragraph 92** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 92 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

93.     In response to **Paragraph 93** of Aetna's Amended Complaint,  the PCH Defendants state that the allegations set forth in Paragraph 93 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

94.     In response to **Paragraph 94** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 94 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

95.     In response to **Paragraph 95** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 95 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

96.     In response to **Paragraph 96** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 96 pertain to an entity other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

97.     In response to **Paragraph 97** of Aetna's Amended Complaint,  the PCH Defendants state that the allegations set forth in Paragraph 97 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

98.     In response to **Paragraph 98** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 98 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

99.     In response to **Paragraph 99** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 99 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

100.     In response to **Paragraph 100** of Aetna's Amended Complaint,  the PCH Defendants state that the allegations set forth in Paragraph 100 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

101.     In response to **Paragraph 101** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 101 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

102.     In response to **Paragraph 102** of Aetna's Amended Complaint, the PCH Defendants admit that the Aetna contract with Newman has been produced and speaks for itself. The PCH Defendants deny any and all remaining allegations in Paragraph 102.

103.     In response to **Paragraph 103** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 103 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

104.     In response to **Paragraph 104** of Aetna's Amended Complaint, the PCH Defendants admit that PCH managed Newman and Newman's laboratory during portions of 2016 and 2017, and during that time Newman entered contracts that have been produced and speak for themselves.  The PCH Defendants state that the remaining allegations set forth in Paragraph 104 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent that any remaining allegations purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

105.     In response to **Paragraph 105** of Aetna's Amended Complaint, the PCH Defendants deny the allegations contained therein.

106.     In response to **Paragraph 106** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 106 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

107.     In response to **Paragraph 107** of Aetna's Amended Complaint, the PCH Defendants deny the allegations contained therein.

108.     In response to **Paragraph 108** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 108 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

109.     In response to **Paragraph 109** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 109 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

110.     In response to **Paragraph 110** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 110 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

111.     In response to **Paragraph 111** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 111 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

112.     In response to **Paragraph 112** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 112 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

113.     In response to **Paragraph 113** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 113 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

114.     In response to **Paragraph 114** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 114 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

115.     In response to **Paragraph 115** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 115 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

116.     In response to **Paragraph 116** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 116 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

117.     In response to **Paragraph 117** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 117 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

118.     In response to **Paragraph 118** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 118 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

119.     In response to **Paragraph 119** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 119 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

120.     In response to **Paragraph 120** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 120 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

121.     In response to **Paragraph 121** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 121 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

122.     In response to **Paragraph 122** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 122 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

123.     In response to **Paragraph 123** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 123 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

124.     In response to **Paragraph 124** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 124 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

125.     In response to **Paragraph 125** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 125 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

126.     In response to **Paragraph 126** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 126 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

127.     In response to **Paragraph 127** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 127 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

128.     In response to **Paragraph 128** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 128 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

129.     In response to **Paragraph 129** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 129 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

130.     In response to **Paragraph 130** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 130 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

131.     In response to **Paragraph 131** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 131 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

132.     In response to **Paragraph 132** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 132 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

133.     In response to **Paragraph 133** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 133 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

134.     In response to **Paragraph 134** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 134 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

135.     In response to **Paragraph 135** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 135 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

136.     In response to **Paragraph 136** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 136 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

137.     In response to **Paragraph 137** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 137 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

138.     In response to **Paragraph 138** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 138 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

139.     In response to **Paragraph 139** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 139 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

140.    In response to **Paragraph 140** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 140 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

141.    In response to **Paragraph 141** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 141 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

142.    In response to **Paragraph 142** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 142 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

143.    In response to **Paragraph 143** of Aetna's Amended Complaint,  the PCH Defendants state that the allegations set forth in Paragraph 143 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

144.    In response to **Paragraph 144** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 144 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

145.    In response to **Paragraph 145** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 145 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

146.    In response to **Paragraph 146** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 146 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

147.    In response to **Paragraph 147** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 147 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

148.    In response to **Paragraph 148** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 148 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

149.    In response to **Paragraph 149** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 149 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

150.    In response to **Paragraph 150** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 150 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

151.    In response to **Paragraph 151** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 151 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

152.    In response to **Paragraph 152** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 152 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

153.    In response to **Paragraph 153** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 153 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

154.    In response to **Paragraph 154** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 154 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

155.    In response to **Paragraph 155** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 155 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

156.     In response to **Paragraph 156** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 156 pertain to entities other than the PCH Defendants. The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them. To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

157.     In response to **Paragraph 157** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 157 pertain to entities other than the PCH Defendants. The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them. To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

158.     In response to **Paragraph 158** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 158 pertain to entities other than the PCH Defendants. The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them. To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

159.     In response to **Paragraph 159** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 159 pertain to entities other than the PCH Defendants. The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them. To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

160.    In response to **Paragraph 160** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 160 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

161.    In response to **Paragraph 161** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 161 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

162.    In response to **Paragraph 162** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 162 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

163.    In response to **Paragraph 163** of Aetna's Amended Complaint, the PCH Defendants deny the allegations contained therein.

164.    In response to **Paragraph 164** of Aetna's Amended Complaint, the PCH Defendants admit that Dr. Guterman sent an accurate email to Aetna on April 4, 2017 that speaks

for itself.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 164.

165.    In response to **Paragraph 165** of Aetna's Amended Complaint, the PCH Defendants admit that Dr. Guterman sent an accurate email to Aetna on April 4, 2017 that speaks for itself.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 165.

166.    In response to **Paragraph 166** of Aetna's Amended Complaint, the PCH Defendants admit that Dr. Guterman's April 4, 2017 email contained pictures that truthfully depicted the lab equipment installed on Newman property.  The PCH Defendants deny any and all remaining allegations in Paragraph 166.

167.    In response to **Paragraph 167** of Aetna's Amended Complaint, the PCH Defendants deny any and all allegations in Paragraph 167.

168.    In response to **Paragraph 168** of Aetna's Amended Complaint, the PCH Defendants admit that Wanger sent a truthful letter to Aetna on September 27, 2016 that speaks for itself.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 168.

169.    In response to **Paragraph 169** of Aetna's Amended Complaint, the PCH Defendants admit that Wanger sent a truthful letter to Aetna on September 27, 2016 that speaks for itself.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 169.

170.    In response to **Paragraph 170** of Aetna's Amended Complaint, the PCH Defendants deny the allegations contained therein.

171.    In response to **Paragraph 171** of Aetna's Amended Complaint, the PCH Defendants deny the allegations contained therein.

172.    In response to **Paragraph 172** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 172 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  The PCH Defendants admit that they have worked with other hospitals, but deny any and all remaining allegations in Paragraph 172.

173.    In response to **Paragraph 173** of Aetna's Amended Complaint, the PCH Defendants admit that Aetna paid for certain medically necessary laboratory tests as part of Newman's Reference Laboratory Program, but deny any and all remaining allegations in Paragraph 173.

174.    In response to **Paragraph 174** of Aetna's Amended Complaint, the PCH Defendants admit that Newman filed a lawsuit on June 30, 2017 against numerous defendants in the District Court for Ellis County, Oklahoma.  The PCH Defendants further admit that the pleadings filed in that lawsuit speak for themselves.  Further responding, the PCH Defendants admit that the case has been resolved, and that multiple Newman representatives have signed affidavits indicating, among other things, that (1) the board of Newman knowingly approved the Reference Laboratory Program; (2) additional lab equipment was installed at Newman Memorial Hospital in 2016; and (3) laboratory tests were performed at Newman Memorial Hospital as part of the Reference Laboratory Program.  The PCH Defendants deny any remaining allegations, implications, or inferences inconsistent with the foregoing limited admission.

175.    In response to **Paragraph 175** of Aetna's Amended Complaint, the PCH Defendants refer to their answer to Paragraph 174.

176.    In response to **Paragraph 176** of Aetna's Amended Complaint, the PCH Defendants refer to their answer to Paragraph 174.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

177.   In response to **Paragraph 177** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

178.   In response to **Paragraph 178** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 178 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 178.

179.   In response to **Paragraph 179** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 179 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 179.

180.   In response to **Paragraph 180** of Aetna's Amended Complaint, the PCH Defendants admit that Newman operates as a hospital in Shattuck, Oklahoma.  The remaining statements in Paragraph 180 contain legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the remaining allegations in Paragraph 180.

181.   In response to **Paragraph 181** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 181 contains legal conclusions to which no response is required.  In response to the remaining allegations in Paragraph 181, the PCH Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

182.     In response to **Paragraph 182** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  The PCH Defendants admit that contracts between Newman and the Lab Defendants have been produced and speak for themselves.  Except as specifically admitted, the PCH Defendant deny any and all remaining allegations in Paragraph 182.

183.     In response to **Paragraph 183** of Aetna's Amended Complaint, the Individual PCH Defendants admit Dr. Guterman worked on behalf of PCH as an agent for Newman and he was involved in Newman's Reference Laboratory Program.  The PCH Defendants deny that Wanger was involved in the implementation of the Newman Reference Laboratory Program.  The remaining allegations set forth in Paragraph 183 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

184.     In response to **Paragraph 184** of Aetna's Amended Complaint, the PCH Defendants deny that they committed mail or wire fraud.  In response to the remaining allegations in Paragraph 184, the PCH Defendants answer that Paragraph 184 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 184.

185.     In response to the beginning of **Paragraph 185** of Aetna's Amended Complaint, the PCH Defendants admit that a contract was signed between PCH and Newman on May 19, 2016.  The remaining allegations in the beginning of Paragraph 185 contain legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in the beginning of Paragraph 185.

a.      In response to subpart a of Paragraph 185, the PCH Defendants admit that a

Reference Laboratory Program was implemented at Newman through which Newman

submitted claims to Aetna for prescribed medically necessary laboratory tests that were

performed for Aetna-insured patients.  Except as specifically admitted, the PCH

Defendants deny any and all remaining allegations in Paragraph 185(a).

b.      In response to subpart b of Paragraph 185, the PCH Defendants state that the

allegations set forth in subpart b pertain to entities other than the PCH Defendants.  The

PCH Defendants accordingly lack knowledge or information sufficient to form a belief as

to the truth of the allegations and thus deny them.

c.      In response to subpart c of Paragraph 185, the PCH Defendants incorporate their

response to Paragraph 185(a).  The PCH Defendants admit that they received payments

related to the Newman Reference Laboratory Program.  These payments were consistent

with the contract dated May 19, 2016.  Except as specifically admitted, the PCH

Defendants deny any and all remaining allegations in Paragraph 185(c).

186.    In response to **Paragraph 186** of Aetna's Amended Complaint, the PCH

Defendants answer that Paragraph 186 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in

Paragraph 186.

187.    In response to **Paragraph 187** of Aetna's Amended Complaint, the PCH

Defendants answer that Paragraph 187 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in

Paragraph 187.

188.    In response to **Paragraph 188** of Aetna's Amended Complaint, the PCH

Defendants answer that Paragraph 188 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 188.

189.     In response to **Paragraph 189** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 189 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 189.

190.     In response to **Paragraph 190** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 190 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 190.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 190.  The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION

191.     In response to **Paragraph 191** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

192.     In response to **Paragraph 192** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 192 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 192.

193.     In response to **Paragraph 193** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 193 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 193,

194.     In response to **Paragraph 194** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 194 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 194.

195.     In response to **Paragraph 195** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 195 contains legal conclusions to which no response is required.  In response to the remaining allegations in Paragraph 195, the PCH Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

196.     In response to **Paragraph 196** of Aetna's Amended Complaint,  the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  The PCH Defendants admit that contracts between Newman and the Lab Defendants have been produced and speak for themselves. Except as specifically admitted, the PCH Defendant deny any and all remaining allegations in Paragraph 196.

197.     In response to **Paragraph 197** of Aetna's Amended Complaint, the Individual PCH Defendants admit that Dr. Guterman worked on behalf of PCH as an agent for Newman and he was involved in Newman's Reference Laboratory Program.  The Individual PCH Defendants deny that Wanger was involved in the implementation of the Newman Reference Laboratory Program.  The remaining allegations set forth in Paragraph 197 pertain to entities

other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

198.    In response to **Paragraph 198** of Aetna's Amended Complaint, the PCH Defendants deny that they committed mail or wire fraud.  In response to the remaining allegations in Paragraph 198, the PCH Defendants answer that Paragraph 198 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 198.

199.    In response to the beginning of **Paragraph 199** of Aetna's Amended Complaint, the PCH Defendants admit that a contract was signed between PCH and Newman on May 19, 2016.  The remaining allegations in the beginning of Paragraph 199 contain legal conclusions to which no response is required. To the extent further response is required, the PCH Defendants deny the allegations in the beginning of Paragraph 199.

a.    In response to subpart a of Paragraph 199, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 199(a).

b.    In response to subpart b of Paragraph 199, the PCH Defendants state that the allegations set forth in subpart b pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.

c.    In response to subpart c of Paragraph 199, the PCH Defendants incorporate their response to Paragraph 199(a).  The PCH Defendants admit that they received payments related to the Newman Reference Laboratory Program.  These payments were consistent

with the contract dated May 19, 2016.  Except as specifically admitted, the PCH

Defendants deny any and all remaining allegations in Paragraph 199(c).

200.     In response to **Paragraph 200** of Aetna's Amended Complaint, the PCH

Defendants answer that Paragraph 200 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in

Paragraph 200.

201.     In response to **Paragraph 201** of Aetna's Amended Complaint, the PCH

Defendants answer that Paragraph 201 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in

Paragraph 201.

202.     In response to **Paragraph 202** of Aetna's Amended Complaint, the PCH

Defendants answer that Paragraph 202 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in

Paragraph 202.

203.     In response to **Paragraph 203** of Aetna's Amended Complaint, the PCH

Defendants answer that Paragraph 203 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in

Paragraph 203.

204.     In response to **Paragraph 204** of Aetna's Amended Complaint, the PCH

Defendants answer that Paragraph 204 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in

Paragraph 204.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 204.  The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## THIRD CAUSE OF ACTION

205.    In response to **Paragraph 205** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

206.    In response to **Paragraph 206** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 206 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 206.

207.    In response to **Paragraph 207** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 207 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 207.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 207.  The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## FOURTH CAUSE OF ACTION

208.    In response to **Paragraph 208** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

209.    In response to **Paragraph 209** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through

which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 209.

210.    In response to **Paragraph 210** of Aetna's Amended Complaint, the PCH Defendants admit that they have worked with other hospitals.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 210.

211.    In response to **Paragraph 211** of Aetna's Amended Complaint, the PCH Defendants deny any and all allegations contained therein.

212.    In response to **Paragraph 212** of Aetna's Amended Complaint, the Individual PCH Defendants admit that Dr. Guterman worked on behalf of PCH as an agent for Newman and he was involved in the Newman Reference Laboratory Program.  The Individual PCH Defendants deny that Wanger helped implement the Newman Reference Laboratory Program. Except as specifically admitted, the Individual PCH Defendants deny any and all remaining allegations in Paragraph 212.

213.    In response to **Paragraph 213** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 213 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

214.    In response to **Paragraph 214** of Aetna's Amended Complaint, the PCH Defendants state that the allegations set forth in Paragraph 214 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to

assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

215.     In response to **Paragraph 215** of Aetna's Amended Complaint, the PCH Defendants deny any and all allegations.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 215.  The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## FIFTH CAUSE OF ACTION

216.     In response to **Paragraph 216** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

217.     In response to **Paragraph 217** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 217.

218.     In response to **Paragraph 218** of Aetna's Amended Complaint, the Individual PCH Defendants admit that Dr. Guterman worked on behalf of PCH as an agent for Newman and he was involved in the Newman Reference Laboratory Program.  The Individual PCH Defendants deny that Wanger helped implement the Newman Reference Laboratory Program. Except as specifically admitted, the Individual PCH Defendants deny any and all remaining allegations in Paragraph 218.

219.     In response to **Paragraph 219** of Aetna's Amended Complaint, the PCH Defendants deny the allegations contained therein.

220.     In response to **Paragraph 220** of Aetna's Amended Complaint, the PCH Defendants admit that the contract between Aetna and Newman has been produced and speaks for itself.  The PCH Defendants state that the remaining allegations set forth in Paragraph 220 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

221.     In response to **Paragraph 221** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 221 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 221.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 221.  The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## SIXTH CAUSE OF ACTION

222.     In response to **Paragraph 222** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

223.     In response to **Paragraph 223** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 223.

224.     In response to **Paragraph 224** of Aetna's Amended Complaint, the PCH

Defendants answer that Paragraph 224 contains legal conclusions to which no response is

required.  To the extent further response is required, the PCH Defendants deny the allegations in

Paragraph 224.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief

requested in the "WHEREFORE" paragraph following Paragraph 224.  The PCH

Defendants further deny that Aetna is entitled to any relief whatsoever.

## SEVENTH CAUSE OF ACTION

225.     In response to **Paragraph 225** of Aetna's Amended Complaint, the PCH

Defendants repeat their previous responses to the foregoing paragraphs of the Amended

Complaint as if fully set forth herein.

226.     In response to **Paragraph 226** of Aetna's Amended Complaint, the PCH

Defendants admit that a Reference Laboratory Program was implemented at Newman through

which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests

that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH

Defendants deny any and all remaining allegations in Paragraph 226.

227.     In response to **Paragraph 227** of Aetna's Amended Complaint, the PCH

Defendants admit that Aetna issued payment to Newman for laboratory services performed

through Newman's Reference Laboratory Program.  The PCH Defendants state that the

remaining allegations set forth in Paragraph 227 pertain to entities other than the PCH

Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form

a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert

facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the

allegations.

228.     In response to **Paragraph 228** of Aetna's Amended Complaint, the PCH Defendants deny the allegation contained in Paragraph 228.

229.     In response to **Paragraph 229** of Aetna's Amended Complaint, the PCH Defendants deny the allegation contained in Paragraph 229.

230.     In response to **Paragraph 230** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 230 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 230.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 230.  The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## EIGHTH CAUSE OF ACTION

231.     In response to **Paragraph 231** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

232.     In response to **Paragraph 232** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 232.

233.     In response to **Paragraph 233** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 233 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 233.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 233. The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## NINTH CAUSE OF ACTION

234.     In response to **Paragraph 234** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

235.     In response to **Paragraph 235** of Aetna's Amended Complaint, the PCH Defendants admit that the contract between Aetna and Newman has been produced and speaks for itself.

236.     In response to **Paragraph 236** of Aetna's Amended Complaint, the PCH Defendants admit that the contract between Aetna and Newman has been produced and speaks for itself. Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 236.

237.     In response to **Paragraph 237** of Aetna's Amended Complaint, the PCH Defendants admit that the contract between Aetna and Newman has been produced and speaks for itself. Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 237.

238.     In response to **Paragraph 238** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests that were performed for Aetna-insured patients. Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 238.

239.     In response to **Paragraph 239** of Aetna's Amended Complaint, the PCH Defendants deny each allegation contained in Paragraph 239.

240.     In response to **Paragraph 240** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 240 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 240.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 240.  The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## TENTH CAUSE OF ACTION

241.     In response to **Paragraph 241** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

242.     In response to **Paragraph 242** of Aetna's Amended Complaint, the PCH Defendants state that the remaining allegations set forth in Paragraph 242 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

243.     In response to **Paragraph 243** of Aetna's Amended Complaint, the PCH Defendants state that the remaining allegations set forth in Paragraph 243 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent

they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

244.    In response to **Paragraph 244** of Aetna's Amended Complaint, the PCH Defendants state that the remaining allegations set forth in Paragraph 244 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

245.    In response to **Paragraph 245** of Aetna's Amended Complaint, the PCH Defendants state that the remaining allegations set forth in Paragraph 245 pertain to entities other than the PCH Defendants.  The PCH Defendants accordingly lack knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny them.  To the extent they purport to assert facts or claims of liability addressed to the PCH Defendants, the PCH Defendants deny the allegations.

The allegations contained in the "WHEREFORE" paragraph following Paragraph 245 pertain to entities other than the PCH Defendants.

## ELEVENTH CAUSE OF ACTION

246.    In response to **Paragraph 246** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

247.    In response to **Paragraph 247** of Aetna's Amended Complaint, the PCH Defendants admit that a Reference Laboratory Program was implemented at Newman through which Newman submitted claims to Aetna for prescribed medically necessary laboratory tests

that were performed for Aetna-insured patients.  Except as specifically admitted, the PCH Defendants deny any and all remaining allegations in Paragraph 247.

248.    In response to **Paragraph 248** of Aetna's Amended Complaint, the PCH Defendants deny that they have any ongoing conduct or continued involvement with Newman.

249.    In response to **Paragraph 249** of Aetna's Amended Complaint, the PCH Defendants deny that the Newman Reference Laboratory Program is still ongoing.  The remaining allegations in Paragraph 249 contain legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 249.

250.    In response to **Paragraph 250** of Aetna's Amended Complaint, the PCH Defendants deny that they have any ongoing conduct or continued involvement with Newman. The remaining the allegations in Paragraph 250 contain legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 250.

251.    In response to **Paragraph 251** of Aetna's Amended Complaint, the PCH Defendants answer that Paragraph 251 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 251.

252.    In response to **Paragraph 252** of Aetna's Amended Complaint, the PCH Defendants deny that they have any ongoing conduct or continued involvement with Newman. The remaining allegations in Paragraph 252 contain legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 252.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 252.  The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## TWELFTH CAUSE OF ACTION

253.     In response to **Paragraph 253** of Aetna's Amended Complaint, the PCH Defendants repeat their previous responses to the foregoing paragraphs of the Amended Complaint as if fully set forth herein.

254.     In response to **Paragraph 254** of Aetna's Amended Complaint, the PCH Defendants answer that the allegations in Paragraph 254 contain legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 254.

255.     In response to **Paragraph 255** of Aetna's Amended Complaint, the PCH Defendants answer that the allegation in Paragraph 255 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 255.

256.     In response to **Paragraph 256** of Aetna's Amended Complaint, the PCH Defendants answer that the allegation in Paragraph 256 contains legal conclusions to which no response is required.  To the extent further response is required, the PCH Defendants deny the allegations in Paragraph 256.

The PCH Defendants deny that Aetna is entitled to judgment in its favor or to the relief requested in the "WHEREFORE" paragraph following Paragraph 256.  The PCH Defendants further deny that Aetna is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The PCH Defendants assert the following affirmative defenses without in any way alleging they have the burden of proof with respect to any of the defenses or that Aetna is relieved of its burden to prove each and every element of its claims and damages, if any, to which it claims it is entitled. The affirmative defenses apply to each and every cause of action alleged.

### FIRST AFFIRMATIVE DEFENSE

Aetna's claims are barred in part by lack of standing.

### SECOND AFFIRMATIVE DEFENSE

If Aetna sustained any injuries or losses as alleged in Aetna's Amended Complaint, Aetna's claims are barred in whole or in part because the alleged injuries were caused in whole or in part by their own contributory or comparative negligence, fault, or want of due care.

### THIRD AFFIRMATIVE DEFENSE

Aetna's claims are barred, in whole or in part, by the doctrine of set-off.

### FOURTH AFFIRMATIVE DEFENSE

If Aetna sustained any injuries or losses as alleged in Aetna's Amended Complaint, Aetna's claims are barred or reduced in whole or in part by their knowingly, voluntarily, and/or willfully assuming the risk of any such injuries or losses.

### FIFTH AFFIRMATIVE DEFENSE

Aetna's claims against the PCH Defendants are barred in whole or in part due to intervening causes and the conduct of others besides the PCH Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Aetna's claims are barred in whole or in part by the doctrine of payment.

**SEVENTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, on the basis of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, on the basis of laches.

**NINTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, by the doctrine of ratification.

**TENTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, by the doctrine of consent.

**ELEVENTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, on the basis of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, on the basis of waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Aetna's RICO claims are barred in whole or in part because Aetna fails to satisfy the elements of its claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Aetna's RICO claims are barred in whole or in part because the alleged conduct was undertaken in good faith.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred in whole or in part by the absence of any specific intent on the part of the PCH Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, because the PCH Defendant's conduct was consistent with reasonable interpretations of the statutes and/or regulations, reasonable

interpretations of ambiguous statues and/or regulations, or consistent with statutes and/or regulations whose interpretation is subject to reasonable dispute.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, because the PCH Defendant's actions with respect to the allegations were taken in good faith and in accordance with established industry practice.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, by the doctrine of contract.

**NINETEENTH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, to the extent that they violate the Due Process Clauses of the United States or applicable State Constitutions.

**TWENTIETH AFFIRMATIVE DEFENSE**

Aetna's claims are barred, in whole or in part, to the extent that they violate the First Amendment of the United States or applicable State constitutions.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Aetna's claims for damages are barred, in whole or in part, because Aetna failed to mitigate its damages and that failure should proportionately reduce the recovery and the allocation of fault, if any exists, attributable to the PCH Defendants.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Aetna seeks equitable relief against the PCH Defendants, it is not entitled to that relief because there is an adequate remedy at law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

To the extent Aetna seeks punitive, exemplary, treble, or aggravated damages or disgorgement ("punitive damages"), Aetna's claims are barred in whole or in part by the Due

Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; similar provisions in the applicable state constitutions; and/or the common law and public policy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

In as much as Aetna's Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable the PCH Defendants to determine all of their legal, contractual, and equitable rights, the PCH Defendants reserve the right to amend and/or supplement the averments of its Answer to assert any pertinent defenses ascertained through further investigation and discovery.

## JURY DEMAND

The PCH Defendants demand a trial by jury by the maximum number of jurors permitted by law as to all issues so triable.

## PRAYER

WHEREFORE, the PCH Defendants pray as follows:

1. That this action be dismissed and that Plaintiffs take nothing by their claims;

2. That the PCH Defendants be awarded their costs of suit and attorneys' fees incurred; and

3. For such other and further relief as the Court may deem just and proper.

May 13, 2019

Respectfully submitted,

/s/ *Derick J. Rodgers*
Ricardo G. Cedillo (State Bar No. 04043600)
Derick J. Rodgers (State Bar No. 24002857)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Avenue, Ste. 500
San Antonio, Texas 78212
Phone: (210) 822-6666
Email: *rcedillo@lawdcm.com*
        *drodgers@lawdcm.com*

Stephen G. Sozio (*pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Phone: (216) 586-3939
Email:  *sgsozio@jonesday.com*

B. Kurt Copper (*pro hac vice*)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
Phone:  (614) 469-3939
Email: *bkcopper@jonesday.com*

*Counsel for Defendants The People's Choice Hospital, LLC, PCH Management Newman, LLC, PCH Lab Services, LLC, David Wanger, and Seth Guterman*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon each attorney of record via ECF on May 13, 2019.

/s/ *Derick J. Rodgers*
Derick J. Rodgers