# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AETNA INC. and AETNA LIFE
INSURANCE COMPANY,            )
                             )
                             )        Civil Action No. 2:17-CV-04354
        Plaintiffs,          )
                             )
v.                           )
                             )        Judge Berle M. Schiller
THE PEOPLE'S CHOICE HOSPITAL, LLC, et al. )
                             )
                             )
        Defendants.          )

**PCH DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants People's Choice

Hospital, LLC, PCH Management Newman, LLC, and PCH Lab Services, LLC, Seth Guterman,

M.D., and David Wanger hereby serve their First Set of Requests for Production of Documents

("Requests") to Plaintiffs.  Plaintiffs shall respond within thirty (30) days of service of these

Requests.

**DEFINITIONS**

1.      As used herein, the terms "You" or "Your" means Plaintiffs Aetna Inc. and Aetna

Life Insurance Company, and any of their agencies, divisions, departments, offices, operating

units, officers, directors, agents, attorneys, representatives, employees, predecessors, or

successors in interest and/or anyone acting on behalf of any of those individuals or entities.

2.      As used herein, the term "PCH" means Defendants People's Choice Hospital,

LLC, PCH Management Newman, LLC, and PCH Lab Services, LLC, Seth Guterman, M.D.,

and David Wanger, and any of their affiliates, parents, subsidiaries, partners, associates, divisions, departments, offices, operating units, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest, and/or anyone acting on their behalf.

3.      As used herein, the term "Lab Defendants" means Defendants Mission Toxicology, LLC; Mission Toxicology, II, LLC; Mission Toxicology Management Company, LLC; Sun Ancillary Management, LLC; Integrity Ancillary Management, LLC; Michael L. Murphy M.D., and Jesse Saucedo, Jr., and any of their affiliates, parents, subsidiaries, partners, associates, divisions, departments, offices, operating units, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest, and/or anyone acting on their behalf.

4.      As used herein, the term "Defendants" means the PCH Defendants and the Lab Defendants, collectively.

5.      As used herein, the term "Newman" means Newman Memorial Hospital, as referenced in the Complaint, and any of its departments, agencies, officials, representatives, employees, and/or anyone acting on its behalf.

6.      As used herein, "Lawsuit" means any and all proceedings relating to the above-captioned case, *Aetna Inc., et al. v. The People's Choice Hospital, LLC, et al.*, No. 2:17-cv-04354 (E.D. Pa.).

7.      As used herein, "Complaint" means the Complaint filed in this Lawsuit on September 29, 2017.

8.      As used herein, the term "documents" is intended to have the broadest meaning possible under the Federal Rules of Civil Procedure, and includes all writings or other tangible or electronic or computer records or electronically stored information, including, but not limited to, all reports and records, correspondence, notes, electronic mail or e-mail, memoranda, minutes, invoices, day-timers, text messages, instant messages, ledgers, tape or other recordings, contracts, files, and all other writings or data compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as phonic or visual reproduction of any oral statement, conversation, or event.  The word "documents" also includes all drafts and non-identical copies. Documents that include any notations or marks thereon shall be considered non-identical copies.

9.      As used herein, the term "communication" or "communications" means the giving or exchanging of information by verbal expression, gesture, writings, or any other means of conveying information or any request for information by such means.

10.     As used herein, the term "person" means any natural or artificial person, including business entities and any other legal entities.

11.     As used herein, the term "relating to" means concerning, recording, discussing, mentioning, noting, constituting, supporting, corroborating, evidencing, summarizing, referring to, pertaining to, alluding to, commenting on, describing, digesting, reporting, listing, analyzing, demonstrating, showing, contradicting, refuting, reflecting, embodying, identifying, stating or studying the subject matter identified in a Request, whether in whole or in part.

12.     As used herein, the words "and" and "or" shall be construed conjunctively and

disjunctively; the singular shall include the plural and vice versa, and the term "all" shall include the word "any" and vice versa.  The term "including" shall mean "including without limitation."

## **INSTRUCTIONS**

A.      You are required to answer each Request separately, fully, and in writing in accordance with the Federal Rules of Civil Procedure.

B.      The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the Requests set forth below.  Documents are to be produced in the file folders and file cartons in which they have been maintained or stored and are to be clipped, stapled, or otherwise arranged in the same form and manner as they were maintained in Your files (whether personal, business, or other files).

C.      You shall produce all responsive documents that are in Your possession, custody, or control.

D.      If You object to producing a document because of a privilege, then You are required by Federal Rule of Civil Procedure 26(b)(5) to provide a privilege log that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," including:

1.      Its date;

2.      The title thereof, if any;

3.      The type of document (e.g., correspondence, memorandum, facsimile, etc.), custodian, location, and any other information sufficient to identify

4

the document for a subpoena duces tecum or a document request, including, where appropriate, the author, the addressee, and any other person to whom a copy was furnished and to whom the withheld material or its contents has been disclosed;

4.     The general subject matter of each document; and

5.     The grounds for withholding production.

E.     All documents are to be produced, including the drafts thereof, in their entirety, without redaction or expurgation of any kind or nature.  In the event that any information is redacted from a document produced pursuant to this document request, identify where the redaction has been made by stamping or writing the word "Redacted" in the location where the information has been deleted and separately log each redaction on the privilege log.

F.     Electronically stored information shall be produced  with all metadata and with load file for use in Relativity or a similar database program.

G.     In the event that any document(s) responsive to any of the Requests is no longer in Your possession, custody, or control, or in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom; or (4) otherwise disposed of.  In each instance, explain the circumstances surrounding destruction or disposal of each document and state the approximate date thereof.

H.     If You cannot comply in full with any Request, comply to the extent possible and explain why full compliance is not possible.

## <u>REQUESTS FOR PRODUCTION</u>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**  Please produce all communications between You

and Newman, including but not limited to any communications between attorneys representing

You and attorneys representing Newman, relating to (i) PCH; (ii) the Lawsuit; (iii) the Lab

Defendants; (iv) any potential litigation between You and Newman; (v) any potential claims

against PCH or the Lab Defendants; or (vi) billing for laboratory services.

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 2:</u>**  Please produce all contracts, and amendments

thereto, between You and Newman relating to laboratory services.

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**  Please produce all documents relating to the

negotiation of any document responsive to Request No. 2.

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**  Please produce all documents relating to the

interpretation of any provision in a document responsive to Request No. 2.

**<u>RESPONSE:</u>**

6

**REQUEST FOR PRODUCTION NO. 5:**  Please produce all documents relating to Your

decision to notify Newman on October 31, 2016, that You were terminating Newman's provider

agreement effective April 30, 2017.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**  For each claim for payment that You are seeking to

hold Defendants liable for, please produce all documents, including claim forms, requisitions,

and any correspondence, relating to the claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**  For each claim for payment that You are seeking to

hold Defendants liable for, please produce in electronic format claims data sufficient to show the

fields included in Exhibit A, and any crosswalks, tables or additional information necessary to

read that claims data.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**  For each claim for payment that You are seeking to

hold Defendants liable for, please produce documents sufficient to show whether the claim was

paid from Your funds or was paid by You as a plan administrator for a plan funded by an entity other than You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  Please produce all documents, including but not limited to claim forms, requisitions, or correspondence, relating to any claim for payment submitted on behalf of Newman to You for laboratory services with a date of service between January 1, 2013 and September 28, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  Please produce all documents relating to the PCH Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  Please produce all documents relating to the Lab Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Please produce all documents relating to any investigation, including any inquiry by Your special investigations unit, of Defendants or Newman.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents obtained in connection with Your investigation of Defendants or Newman.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Please produce all documents relating to the meaning of "SRV PRV" as it is used (i) on communications related to billing for services that will be reimbursed by You; and (ii) as referenced in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents relating to the meaning of "BLL PRV" as it is used (i) on communications related to billing for services that will be reimbursed by You; and (ii) as referenced in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Please produce all documents relating to the allegation in paragraph 33 of the Complaint that "The Lab Defendants paid and induced physicians all over the country to send urine and blood specimens to the Lab Defendants."

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:**  Please produce all documents relating to the allegation in paragraph 38 of the Complaint that "Aetna agreed to pay higher rates to Newman in order to ensure that Aetna members in rural Oklahoma had access to quality healthcare, but Defendants perverted this access arrangement to line their pockets with ill-gotten gains."

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:**  Please produce all documents relating to the allegation in paragraph 86 of the Complaint that "Each claim form identified in this list misrepresents on its face that the laboratory services were performed by and at Newman and for Newman patients, and omits the fact that the Lab Defendants performed the lab tests."

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**  Please produce all documents relating to the allegation in paragraph 98 of the Complaint that "By paying physicians money in exchange for

10

referrals, Sun Management tortiously interfered with Aetna's contract with the physicians by inducing a breach of multiple provisions of the Aetna contract."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  Please produce all documents relating to the allegation in paragraph 134 of the Complaint that "Representatives of Newman have since confirmed that Guterman's April 4, 2017 email was replete with misrepresentations, and that the lab services were not performed at or processed by Newman."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  Please produce all documents relating to the allegation in paragraph 137 of the Complaint that "Newman representatives have since confirmed that Wanger's September 26, 2016 letter was deceptive and contained lies."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  Please produce all documents relating to the allegation in paragraph 177 of the Complaint that "Defendants have also submitted, or caused the submission of, numerous claim forms to Aetna using the names and billing information of

11

Aetna-affiliated facilities other than Newman despite knowing that those Aetna-affiliated facilities had not provided the services for which Aetna was billed."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Please produce all documents relating to Your allegation that Defendants committed mail and wire fraud.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  Please produce all documents exchanged between, or relating to communications between, You and the Defendants, individually or collectively, relating to the subject matter of, or allegations in, the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  Please produce all documents exchanged between, or relating to communications between, You and any other insurance company relating to Defendants or the subject matter of, or allegations in, the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**  Please produce all documents relating to any

agreement or relationship among the Defendants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27:**  Please produce all documents relating to instances

when You made payments to Newman for any service performed by a contractor or

subcontractor of Newman between 2013 and 2017.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 28:**  Please produce all documents relating to any

contracting or subcontracting agreement involving any Defendant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29:**  Please produce all documents relating to any

payments made by You to any Lab Defendant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30:**  Please produce all documents relating to any

property or employee leased or employed by any Defendant.

**RESPONSE:**

13

**REQUEST FOR PRODUCTION NO. 31:** Please produce all documents relating to communications between You and any other insurer or fund regarding any of the claims for payment at issue in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Please produce all documents relating to whether a hospital may bill for laboratory services it has referred to another laboratory.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Please produce all documents relating to how a hospital should bill for laboratory services it has referred to another laboratory.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Please produce all documents relating to hospitals serving as reference laboratories.

**RESPONSE:**

14

**REQUEST FOR PRODUCTION NO. 35:**  Please produce all documents relating to a rural hospital's ability to bill You where it receives a specimen from a non-patient and refers the specimen to another laboratory for testing.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36:**  Please produce all documents relating to any instance where You brought any action against, or sought recoupment of any funds paid to, any hospital or laboratory on the grounds that a hospital improperly billed for laboratory services performed by an independent laboratory.  This request does not seek any privileged documents relating to this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 37:**  Please produce all documents relating to any instance where You withheld payment to a hospital for laboratory services on the grounds that testing was performed by an independent laboratory.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 38:</u>**  Please produce all documents relating to Your establishment of fees and fee schedules for laboratory services billed by rural Oklahoma hospitals.

**<u>RESPONSE:</u>**


**<u>REQUEST FOR PRODUCTION NO. 39:</u>**  Please produce all documents, including but not limited to electronic data, to show the amounts that the Lab Defendants have billed You for laboratory services and the amounts allowed and paid.

**<u>RESPONSE:</u>**


**<u>REQUEST FOR PRODUCTION NO. 40:</u>**  Please produce all documents relating to any audit or review conducted by You into whether any hospital improperly billed for laboratory services performed by an independent laboratory.

**<u>RESPONSE:</u>**


**<u>REQUEST FOR PRODUCTION NO. 41:</u>**  Please produce all documents relating to any damages claimed in this lawsuit, including any calculation of damages done by You.

**<u>RESPONSE:</u>**

16

**REQUEST FOR PRODUCTION NO. 42:**  Please produce all documents referenced in the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 43:**  Please produce all documents You allege constitute a false claim or false statement by any Defendant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 44:**  Please produce all documents relating to any communication between You and any testifying expert in this Lawsuit relating to (1) compensation for the expert's study or testimony; (2) facts or data that Your attorneys provided and the expert considered in forming the opinions to be expressed; and (3) assumptions that Your attorneys provided and the expert relied on in forming the opinions to be expressed.  To the extent You identify a testifying expert in the future, You have a continuing duty to supplement this Request.

**RESPONSE:**

17

**REQUEST FOR PRODUCTION NO. 45:**  Please produce all documents that You intend to

offer into evidence or to which you intend to refer to at trial in this Lawsuit.  To the extent You

identify such documents in the future, You have a continuing duty to supplement this Request.

**RESPONSE:**

Dated:  February 13, 2018                      Respectfully submitted,

/s/*B. Kurt Copper*
Andrew F. Susko
Thomas B. Fiddler
Vincent N. Barbera
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Phone:  215-864-7000
Email:  *Suskoa@whiteandwilliams.com*
          *Fiddlert@whiteandwilliams.com*
          *Barberav@whiteandwilliams.com*

Stephen G. Sozio
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Phone: (216) 586-3939
Email: *sgsozio@jonesday.com*

B. Kurt Copper
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
Phone: (614) 469-3939
Email: *bkcopper@jonesday.com*

*Counsel for PCH Defendants*
18

## CERTIFICATE OF SERVICE

I certify on this 13th day of February, 2018, I served the foregoing document via email and regular U.S. mail to counsel of record.

*/s/B. Kurt Copper*
_____

*Counsel for PCH Defendants*

NAI-1503415182v1

**EXHIBIT A**
**CLAIMS DATA**

• Provider Information:
        o Provider Number (NPI)
        o Provider Name
        o Provider Street Address
        o Provider City
        o Provider State
        o Provider Zip
• Referring Provider Information:
        o Provider Number (NPI)
        o Referring Provider Name
        o Referring Provider Address
        o Referring Provider City
        o Referring Provider State
        o Referring Provider Zip
• Test Information:
        o CPT / Procedure Code
        o Test Description
        o Modifiers
• Claim Information:
        o Claim Number (e.g. Individual Claim Number) – Unique Identifier for each claim.
        o Submitted Date
        o Adjudicated Date
        o Payment Date
        o Billed Units
        o Allowed Units
        o Billed Amount
        o Allowed Amount
        o Payable Amount
        o Payment Status
• Patient Information:
        o Beneficiary Name
        o Date of Birth
        o Address
        o Date of Service
        o Plan Name
        o Plan Type

- o Beneficiary Type
- o Co-Pay
- o Co-Insurance
- Adjusted Claims (If necessary)
  - o Adjustment Reason Code
  - o Adjustment Reason
  - o Claim Number to be adjusted