# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AETNA INC. and AETNA LIFE INSURANCE COMPANY,<br><br>         Plaintiffs,<br><br>v.<br><br>THE PEOPLE'S CHOICE HOSPITAL, LLC, *et al.*<br><br>         Defendants. | No. 2:17-cv-04354-BMS |

**PLAINTIFFS' RESPONSE TO PCH'S**
**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34, Aetna Inc. and Aetna Life Insurance Company, LLC (together, "Aetna"), through their undersigned counsel, hereby respond to PCH's[1] First Set of Requests for Production. Aetna responds and objects as follows:

**GENERAL OBJECTIONS**

Aetna's General Objections are set forth below. To avoid the necessity of restating each objection in full, these General Objections are incorporated into each response. The responses made or assertion of additional specific objections to certain written discovery requests shall not be construed as waiving any applicable General Objection.

1. Aetna objects to PCH's written discovery requests to the extent that they seek discovery beyond that permitted by the Federal Rules of Civil Procedure, or information or documents otherwise not discoverable under the Federal Rules of Civil Procedure.

2. Aetna objects to PCH's written discovery requests to the extent that they seek discovery that is irrelevant to any parties' claims or defenses, and/or disproportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

---

[1] PCH consists of The People's Choice Hospital, LLC, PCH Management Newman, LLC, PCH Lab Services, LLC, Seth Guterman, M.D., and David Wanger.

3. Aetna objects to PCH's Definitions and Instructions to the extent that they are inconsistent with the Federal Rules of Civil Procedure, or otherwise attempt to alter, expand, or modify Aetna's obligations under the applicable Federal Rules of Civil Procedure and/or governing case law.

4. Aetna objects to PCH's written discovery requests to the extent that they seek information already in PCH's possession, custody, or control.

5. Aetna objects to PCH's written discovery requests to the extent that they seek information not in Aetna's possession, custody, or control.

6. Aetna objects to PCH's written discovery requests to the extent that they seek information that is not relevant to the subject matter involved in this litigation, and/or are improperly calculated to obtain materials to be used outside of this litigation.

7. Aetna objects to PCH's written discovery requests to the extent that they are overly broad, vague, and/or ambiguous, and thus likely to lead to confusing, inaccurate, incomplete or misleading answers.

8. Aetna objects to PCH's written discovery requests to the extent that they seek information or materials that are unduly burdensome, intentionally harassing, oppressive, and/or the proposed discovery outweighs its likely benefit.

9. Aetna objects to PCH's written discovery requests to the extent that they seek, in bad faith, to cause unreasonable annoyance, embarrassment, oppression, and/or expense to Aetna.

10. Aetna objects to PCH's written discovery requests to the extent they seek information protected under Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

11. Aetna objects to PCH's written discovery requests to the extent that additional

responsive, non-privileged information may be determined or become available during or after discovery.

12. Aetna objects to PCH's written discovery requests to the extent they seek: (a) confidential attorney work product; (b) privileged information, including, but not limited to, information, documents, or other materials subject to the attorney-client privilege; (c) confidential and proprietary information, including trade secrets; (d) the accountant-client privilege; (e) the peer review privilege; (f) materials or information protected by federal common law privileges; and (g) materials or information protected by any other applicable privilege.

13. Aetna reserves the right to supplement, clarify, revise, or correct any or all of their responses and objections to these written discovery requests from time to time, and to assert additional objections or privileges. Aetna's search for information is ongoing and its responses to PCH's written discovery requests are based on information known at this time.

14. Aetna's response to each written discovery request does not waive its right to challenge the relevance, materiality or admissibility of information or documents provided, or to object to the use of information or documents in any subsequent proceeding, including the trial of this matter.

## AETNA'S RESPONSES AND SPECIFIC OBJECTIONS TO THE REQUESTS

1. Please produce all communications between You and Newman, including but not limited to any communications between attorneys representing You and attorneys representing Newman, relating to (i) PCH; (ii) the lawsuit; (iii) the Lab Defendants; (iv) any potential litigation between You and Newman; (v) any potential claims against PCH or the Lab Defendants; or (vi) billing for laboratory services.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense. Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case. In addition, Aetna objects to the request to the extent it seeks information that is subject to the attorney-client privilege or work product doctrine.**

2. Please produce all contracts, and amendments thereto, between You and Newman relating to laboratory services.

3

**Response:** **Aetna objects to this request to the extent it seeks the production of documents, including contracts, that are not relevant to any party's claim or defense. Subject to, and without waiver of this objection, Aetna will produce responsive documents, if any, covering the time period at issue in this case, after the Court enters a HIPAA Qualified Protective Order.**

3. Please produce all documents relating to the negotiation of any document responsive to Request No. 2.

**Response:** **Aetna objects to this request to the extent it seeks the production of documents that are not relevant to any party's claim or defense. Aetna further objects to this request as overly broad, in that it seek documents relating to the terms of contracts that have no bearing on this litigation. Subject to, and without waiver of this objection, Aetna will produce responsive, non-privileged, documents, if any, covering the time period at issue in this case, after the Court enters a HIPAA Qualified Protective Order.**

4. Please produce all documents relating to the interpretation of any provision in a document responsive to Request No. 2.

**Response:** **Aetna objects to this request to the extent it seeks the production of documents that are not relevant to any party's claim or defense. Aetna further objects to this request as overly broad, in that it seek documents relating to the terms of contracts that have no bearing on this litigation. Subject to, and without waiver of this objection, Aetna will produce responsive, non-privileged documents, if any, covering the time period at issue in this case, after the Court enters a HIPAA Qualified Protective Order.**

5. Please produce all documents relating to Your decision to notify Newman on October 31, 2016 that You were terminating Newman's provider agreement effective April 30, 2017.

**Response:** **Aetna objects to this request to the extent it seeks the production of documents that are not relevant to any party's claim or defense. Aetna further objects to the extent that this request seeks the production of documents protected by the attorney-client privilege or the work product doctrine. Aetna further objects to PCH's characterization of any documents relating to the status of Newman's provider agreement. Subject to, and without waiver of this objection, Aetna will produce responsive, non-privileged documents, if any, after the Court enters a HIPAA Qualified Protective Order.**

6. For each claim for payment You are seeking to hold Defendants liable for, please produce all documents, including claim forms, requisitions, and any correspondence, relating to the claim.

**Response:** **Aetna objects to this request as overly broad. Aetna further objects to this request as it seeks information and documents already in the possession of Defendants, including "claim forms" and "requisitions." Aetna further objects to this request as it is burdensome, expensive, and not proportionate to the needs of the case. Subject to, and without waiver of these objections, Aetna will produce responsive, non-privileged documents, if any, after the Court enters a HIPAA Qualified Protective Order.**

7. For each claim payment that You are seeking to hold Defendants liable for, please produce in electronic format claims data sufficient to show the fields included in Exhibit A, and any crosswalks, tables or additional information necessary to read that claims data.

**Response:** **Aetna objects to this request to the extent PCH is asking Aetna to generate documents that do not already exist in the ordinary course. Aetna further objects to the terms "crosswalks" and "tables" as such terms are vague and undefined. Subject to, and without waiver of these objections, Aetna will produce responsive documents, if any, after the Court enters a HIPAA Qualified Protective Order.**

8. For each claim for payment that You are seeking to hold Defendants liable for, please produce documents sufficient to show whether the claim was paid from Your funds or was paid by You as a plan administrator for a plan funded by an entity other than You.

**Response:** **Aetna objects to this request to the extent it seeks the production of documents that are not relevant to any party's claim or defense. Aetna further objects to this request as it is burdensome, expensive, and not proportionate to the needs of the case. Subject to, and without waiver of these objections, Aetna will produce documents sufficient to show the funding source of the health plans at issue, after the Court enters a HIPAA Qualified Protective Order.**

9. Please produce all documents, including but not limited to claim forms, requisitions, or correspondence, relating to any claim for payment submitted on behalf of Newman to You for laboratory services with a date of service between January 1, 2013 and September 28, 2017.

**Response:** **Aetna objects to this request as overly broad. Aetna further objects to this request as it seeks information and documents already in the possession of Defendants, including "claim forms" and "requisitions." Aetna further objects to this request as it is burdensome, expensive, and not proportionate to the needs of the case. Aetna further objects to the time frame at issue in this request as it is broader than the time period at issue in this case. Subject to, and without waiver of, these objections, Aetna incorporates its response to Request No. 6.**

10. Please produce all documents relating to the PCH Defendants.

5

**Response:**      Aetna objects to this request as overly broad and not tailored to the needs of the case.  Aetna further objects to the request to the extent it seeks documents that are protected for production by the attorney-client privilege or work product doctrine.  Subject to and without waiver of these objections, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.

11.   Please produce all documents relating to the Lab Defendants.

**Response:**    Aetna objects to this request as overly broad and not tailored to the needs of the case.  Aetna further objects to the request to the extent it seeks documents that are protected for production by the attorney-client privilege or work product doctrine.  Subject to and without waiver of these objections, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.

12.   Please produce all documents relating to any investigation, including any inquiry by Your special investigations unit, of Defendants or Newman.

**Response:**    Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case.  In addition, Aetna objects to the request to the extent it seeks information that is subject to the attorney-client privilege or work product doctrine.

13.   Please produce all documents obtained in connection with Your investigation of Defendants or Newman.

**Response:**    Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case.  In addition, Aetna objects to the request to the extent it seeks information that is subject to the attorney-client privilege or work product doctrine.

14.   Please produce all documents relating to the meaning of "SRV PRV" as it is used (i) on communications related to billing for services that will be reimbursed by You; and (ii) as referenced in the Complaint.

**Response:**    Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case.  Aetna further objects to this request as vague.  Aetna is willing to meet and confer concerning the scope of this request.

15.   Please produce all documents relating to the meaning of "BLL PRV" as it is used

(i) on communications related to billing for services that will be reimbursed by You; and (ii) as referenced in the Complaint.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense. Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case. Aetna further objects to this request as vague. Aetna is willing to meet and confer concerning the scope of this request.**

16. Please produce all documents relating to the allegation in paragraph 33 of the Complaint that "The Lab Defendants paid and induced physicians all over the country to send urine and blood specimens to the Lam Defendants."

**Response:** **Aetna objects to this request as seeking documents already in the possession of PCH, other Defendants, and/or third parties. Subject to, and without waiver of, this objection, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

17. Please produce all documents relating to the allegation in Paragraph 38 of the Complaint that "Aetna agreed to pay higher rates to Newman in order to ensure that Aetna members in rural Oklahoma had access to quality healthcare, but Defendants perverted this access arrangement to line their pockets with ill-gotten gains."

**Response:** **Aetna objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of the case. Subject to, and without waiver of, this objection, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

18. Please produce all documents relating to the allegation in paragraph 86 of the Complaint that "Each claim form identified in this list misrepresents on its face that the laboratory services were performed by and at Newman and for Newman patients, and omits the fact that the Lab Defendants performed the lab tests."

**Response:** **Aetna objects to this request as seeking documents already in the possession of PCH, other Defendants, and/or third parties. Aetna will produce responsive, non-privileged documents to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

19. Please produce all documents relating to the allegation in paragraph 98 of the Complaint that "By paying physicians money in exchange for referrals, Sun Management tortiously interfered with Aetna's contract with the physicians by inducing a breach of multiple provisions of the Aetna contract."

**Response:** **Aetna objects to this request as seeking documents already in the possession of PCH, other Defendants, and/or third parties. Subject to, and without waiver of,**

> **this objection, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

20. Please produce all documents relating to the allegation in paragraph 134 of the Complaint that "Representatives of Newman have since confirmed that Guterman's April 4, 2017 email was replete with misrepresentations, and that the lab services were not performed at or processed by Newman."

**Response:** **Aetna objects to this request to the extent it seeks documents protected by a privilege, including the attorney-client privilege and the work product doctrine. Subject to, and without waiver of, this objection, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

21. Please produce all documents relating to the allegation in paragraph 137 of the Complaint that "Newman representatives have since confirmed that Wanger's September 26, 2016 letter as deceptive and contained lies."

**Response:** **Aetna objects to this request to the extent it seeks documents protected by a privilege, including the attorney-client privilege and the work product doctrine. Subject to, and without waiver of, this objection, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

22. Please produce all documents relating to the allegation in paragraph 177 of the Complaint that "Defendants have also submitted, or caused the submission of, numerous claim forms to Aetna using the names and billing information of Aetna affiliated facilities other than Newman despite knowing that those Aetna-affiliated facilities had not provided the services for which Aetna was billed."

**Response:** **Aetna objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to, and without waiver of, this objection, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

23. Please produce all documents relating to You allegation that Defendants committed mail and wire fraud.

**Response:** **Aetna objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to, and without waiver of, this objection, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of**

**action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

24. Please produce all documents exchanges between, or relating to communications between, You and the Defendants, individually or collectively, relating to the subject matter of, or allegations in, the Complaint.

**Response:** **Aetna objects to this request to the extent it seeks documents "relating to" communications between Aetna and the Defendants that are subject to the attorney-client privilege or the work product doctrine. Aetna also objects to this request because it seeks documents that are within Defendants' possession, custody, or control. Subject to, and without waiver of, these objections, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

25. Please produce all documents exchanged between, or relating to communications between, You and any other insurance company relating to Defendants or the subject matter of, or allegations in, the Complaint.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense. Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case. In addition, Aetna objects to the request to the extent it seeks information that is subject to the attorney-client privilege or work product doctrine.**

26. Please produce all documents relating to any agreement or relationship among the Defendants.

**Response:** **Aetna objects to this request to the extent it seeks documents already in the possession, custody, or control of PCH, other Defendants, and/or third parties. Aetna further objects to the request to the extent it seeks information that is subject to the attorney-client privilege or work product doctrine. Subject to, and without waiver of, these objections, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

27. Please produce all documents relating to instances when You made payments to Newman for any service performed by a contractor or subcontractor of Newman between 2013 and 2017.

**Response:** **Aetna objects to this request as overly broad. Aetna further objects to this request as it seeks information and documents already in the possession of Defendants, including claim forms, remittances, requisitions. Aetna further objects to this request as vague and undefined, including the term "contracting or subcontracting" agreement. Aetna further objects to this request as it is burdensome, expensive, and not proportionate to the needs of the case. Aetna**

9

**further objects to the time frame at issue in this request as it is broader than the time period at issue in this case.  Subject to, and without waiver of, these objections, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

28.     Please produce all documents relating to any contracting or subcontracting agreement involving any Defendant.

**Response:**     Aetna objects to this request as vague and undefined, including the term "contracting or subcontracting agreement."  Aetna further objects to the request to the extent it seeks documents already in the possession of PCH or in the possession of other Defendants.  Aetna also objects to the extent this request seeks documents that are protected by the attorney-client privilege or work product doctrine.

29.      Please produce all documents relating to any payments made by You to any Lab Defendant.

**Response:   Aetna objects to this request as overly broad and not proportionate to the needs of the case.  Aetna further objects to the extent that this request seeks documents protected by the attorney-client privilege or work product doctrine.  Subject to, and without waiver of these objections, Aetna incorporates its responses to Request Nos. 6 and 9.**

30.     Please produce all documents relating to any property or employee leased or employed by any Defendant.

**Response:   Aetna objects to this request to the extent responsive documents are already in the possession, custody, or control of PCH, other Defendants, and/or third parties.  Subject to, and without waiver of, these objections, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

31.     Please produce all documents relating to communications between You and any other insurer or fund regarding any of the claims for payment at issue in this suit.

**Response:   Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case.  Aetna also objects to the extent any of the documents sought are confidential or proprietary in nature, or the subject of confidentiality provisions or restrictions.  In addition, Aetna objects to the request to the extent it seeks information that is subject to the attorney-client privilege or work product doctrine.  Finally, Aetna objects to this request as vague, including the use of the term "fund."**

32. Please produce all documents relating to whether a hospital may bill for laboratory services it has referred to another laboratory.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense. Aetna objects to this request as vague and undefined. Aetna further objects to this request to the extent it seeks documents that would be the subject of the attorney-client privilege or work product doctrine. Aetna also objects to the extent any of the documents sought are confidential or proprietary in nature, or the subject of confidentiality provisions or restrictions. Aetna also objects to the extent that the request seeks documents relating to hospitals or medical providers that are not the subject of this action.**

33. Please produce all documents relating to whether a hospital may bill for laboratory services it has referred to another laboratory.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense. Aetna objects to this request as vague and undefined. Aetna further objects to this request to the extent it seeks documents that would be the subject of the attorney-client privilege or work product doctrine. Aetna also objects to the extent any of the documents sought are confidential or proprietary in nature, or the subject of confidentiality provisions or restrictions. Aetna also objects to the extent that the request seeks documents relating to hospitals or medical providers that are not the subject of this action.**

34. Please produce all documents relating to hospitals serving as reference laboratories.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense. Aetna objects to this request as vague and undefined. Aetna further objects to this request to the extent it seeks documents that would be the subject of the attorney-client privilege or work product doctrine. Aetna also objects to the extent any of the documents sought are confidential or proprietary in nature, or the subject of confidentiality provisions or restrictions. Aetna also objects to the extent that the request seeks documents relating to hospitals or medical providers that are not the subject of this action.**

35. Please produce all documents relating to a rural hospital's ability to bill You where it receives a specimen from a non-patient and refers the specimen to another laboratory for testing.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense. Aetna objects to this request as vague and undefined. Aetna further objects to this request to the extent it seeks**

11

**documents that would be the subject of the attorney-client privilege or work product doctrine.  Aetna also objects to the extent any of the documents sought are confidential or proprietary in nature, or the subject of confidentiality provisions or restrictions.  Aetna also objects to the extent that the request seeks documents relating to hospitals or medical providers that are not the subject of this action.**

36. Please produce all documents relating to any instance where You brought any action again, or sought recoupment of any funds paid to, any hospital or laboratory on the grounds that a hospital improperly billed for laboratory services performed by an independent laboratory. This request does not seek any privileged documents relating to this Lawsuit.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case.  Aetna also objects to the extent any of the documents sought are confidential or proprietary in nature, or the subject of confidentiality provisions or restrictions.  Aetna further objects to the term "independent laboratory" as this term is vague and undefined.  In addition, Aetna objects to the request to the extent it seeks information that is subject to the attorney-client privilege or work product doctrine, including as it pertains to hospitals or medical providers who are not the subject of this litigation.**

37. Please produce all documents relating to any instance where You withheld payment to a hospital for laboratory services on the grounds that testing was performed by an independent laboratory.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case.  Aetna also objects to the extent any of the documents sought are confidential or proprietary in nature, or the subject of confidentiality provisions or restrictions.  Aetna further objects to the term "independent laboratory" as this term is vague and undefined.  In addition, Aetna objects to the request to the extent it seeks information that is subject to the attorney-client privilege or work product doctrine, including as it pertains to hospitals or medical providers who are not the subject of this litigation.**

38. Please produce all documents relating to Your establishment of fees and fee schedules for laboratory services billing by rural Oklahoma hospitals.

**Response:** **Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case.  Aetna also objects to the extent any of the documents sought are confidential or proprietary in nature, or the subject of confidentiality provisions or restrictions.  In addition, Aetna objects to the request to the extent it seeks**

**information that is subject to the attorney-client privilege or work product doctrine, including as it pertains to hospitals or medical providers who are not the subject of this litigation.**

39.     Please produce all documents, including but not limited to electronic data, to show the amounts that the Lab Defendants have billed You for laboratory services and the amounts allowed and paid.

**Response:   Aetna objects to the request because it is overly broad and is not proportional to the needs of the case.  Subject to, and without waiver of, these objections, Aetna will produce responsive, non-privileged documents, if any, to the extent that they relate to the allegations and causes of action set forth in the Complaint after the Court enters a HIPAA Qualified Protective Order.**

40.     Please produce all documents relating to any audit or review conducted by You into whether any hospital improperly billed for laboratory services performed by an independent laboratory.

**Response:   Aetna objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Moreover, Aetna objects to the request because it is overly broad and is not proportional to the needs of the case.  Aetna further objects to the term "independent laboratory" as this term is vague and undefined.  In addition, Aetna objects to the request to the extent it seeks information that is subject to the attorney-client privilege or work product doctrine, including as it pertains to hospitals or medical providers who are not the subject of this litigation.**

41.     Please produce all documents relating to any damages claimed in this lawsuit, including any calculation of damages done by You.

**Response:    Aetna incorporates its response to Request No. 6.  By way of further response, Aetna will produce its expert report at the time prescribed by the Federal Rules of Civil Procedure and/or the Court's scheduling order.**

42.     Please produce all documents referenced in the Complaint.

**Response:   Aetna will produce responsive, non-privileged documents, to the extent that they are any responsive documents in Aetna's possession, after the Court enters a HIPAA Qualified Protective Order.**

43.     Please produce all documents You allege constitute a false claim or false statement by any Defendant.

**Response:   Aetna will produce responsive, non-privileged documents, to the extent that they are any responsive documents in Aetna's possession, after the Court enters a HIPAA Qualified Protective Order.**

13

44. Please produce all documents relating to any communication between You and any testifying expert in this Lawsuit relating to (1) compensation for the expert's study or testimony; (2) facts or data that Your attorneys provided and the expert considered in forming the opinions to be expressed; and (3) assumptions that Your attorneys provided and the expert relied on in forming the opinions to be expressed. To the extent You identify a testifying expert in the future, You have a continuing duty to supplement this Request.

**Response:** **Aetna objects to this request as premature under the Federal Rules of Civil Procedure. Aetna further objects to this request as seeking information that is not discoverable under the Federal Rules concerning experts and/or otherwise protected by the attorney-client privilege or work-product doctrine. By way of further response, Aetna will produce any expert report consistent with its obligations under and the scope of Rule 26.**

45. Please produce all documents that You intend to offer into evidence or to which you intend to refer to at trial in this Lawsuit. To the extent You identify such documents in the future, You have a continuing duty to supplement this Request.

**Response:** **Aetna objects to this request as premature under the Federal Rules of Civil Procedure. Aetna will produce responsive, non-privileged documents, to the extent that they are any responsive documents in Aetna's possession, after the Court enters a HIPAA Qualified Protective Order.**

|  |  |
|---|---|
|  | By:  */s/ Gregory S. Voshell* <br> Gregory S. Voshell <br> Elliott Greenleaf P.C. <br> 925 Harvest Drive, Suite 300 <br> Blue Bell, Pennsylvania 19422 |
| March 15, 2018 | McGuireWoods LLP <br> JPMorgan Chase Tower <br> 600 Travis Street, Suite 750 <br> Houston, Texas  77002 |
|  | *Counsel for Plaintiffs Aetna Inc. and Aetna Life Insurance Company* |

## **CERTIFICATE OF SERVICE**

I, Gregory S. Voshell, Esquire, hereby certify that I caused a copy of the foregoing to be served on counsel of record for Plaintiffs via electronic mail.

Date:  March 15, 2018

By:

*/s/ Gregory S. Voshell*
Gregory S. Voshell
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive
Suite 300
Blue Bell, PA 19422